UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL D. MCKAY,

    Plaintiff,

v.

MICHELLE VON WALD,

    Defendant.

NO. C07-1811JLR

ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the court on the parties' cross-motions for summary judgment (Dkt. ## 11, 17). Having reviewed the papers, the court DENIES both motions. The parties are directed to file a joint status report within 30 days of this order.

## I. BACKGROUND

This case involves the attempted recovery of proceeds from one illegal Ponzi scheme allegedly invested into another Ponzi scheme. Plaintiff Michael McKay is the court-appointed receiver in *SEC v. Zidar*, C00-823JCC (W.D. Wash. filed May 10, 2000). In August 2002, John Wayne Zidar and five co-defendants either pleaded guilty or were convicted of bilking members of the public of millions of dollars in an elaborate

ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT – 1

Ponzi investment scam. *See United States v. John Wayne Zidar, et al.*, CR01-108RSM (W.D. Wash. filed March 28, 2001).

In October 1999, one of Mr. Zidar's co-defendants, Elizabeth Anne Phillips, wired $255,000 to a Citibank account in Florida controlled by Mark Cohen, who apparently was running a Ponzi scheme of his own. Mr. McKay subpoenaed Mr. Cohen's bank statements in 2005, and was eventually able to contact Mr. Cohen himself in 2006. In an April 2006 e-mail message, Mr. Cohen said that he had returned $154,500 of the $255,000 to Defendant Michelle von Wald, who had allegedly facilitated the investment for Ms. Phillips. (McKay Decl. (Dkt. # 18), Ex. F.) Mr. Cohen also produced wire transfer records showing $55,500 in transfers to Ms. von Wald (*id.,* Ex. G), a cashier's check for $85,000 made payable to Ms. von Wald (*id.*, Ex. H), and a copy of a July 2001 letter from Ms. von Wald, in which she acknowledged receiving $154,500 from Mr. Cohen (*id.,* Ex. I).

Ms. von Wald initially denied knowledge of the $154,500. In August 2006, she e-mailed a letter to Mr. McKay in which she denied that the July 2001 letter produced by Mr. Cohen was written or signed by her. (*Id*., Ex. J at 42.) Mr. McKay secured a signed copy of Ms. von Wald's August 2006 letter and asked that a handwriting expert compare the signature on that letter with the one on the July 2001 letter. The expert concluded that there were no significant differences between the two signatures. (*Id*., Ex. L.)

In April 2007, Mr. McKay deposed Ms. von Wald without her attorney being present. During the deposition, she admitted receiving money from Mr. Cohen as a "commission" for her referral that her "commission' was never returned to the investors in Mr. Cohen's Ponzi scheme. (*Id.*, Ex. T at 77–78.) Toward the end of the deposition,

ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT – 2

the parties went off the record and came back on the record to memorialize an "agreement or an understanding" in which Mr. McKay gave Ms. von Wald one week to consult her attorney and to get back to him with a repayment plan for the $154,500 owed to the Receivership. (*Id.*, Ex. V at 85–86.) In May 2007, Ms. von Wald's attorney sent a letter to Mr. McKay refusing to pay and stating that his client considered the "veiled threat concerning the IRS" made during the deposition to be "an attempt at extortion." (*Id.,* Ex. W.) In November 2007, Mr. McKay brought suit against Ms. von Wald, alleging breach of contract, conversion, and fraud.

## II.  DISCUSSION

Ms. von Wald moves for summary judgment on (1) Mr. McKay's claim for breach of contract, arguing that there was neither consideration nor mutual assent, and (2) Mr. McKay's conversion and fraud claims as time-barred by Washington's three-year statute of limitations. Mr. McKay contends that summary judgment should more properly be granted in his favor. Summary judgment is appropriate if the evidence, viewed in a light most favorable to the non-moving party, demonstrates no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In this case, Ms. von Wald, a Florida resident, is being sued by Mr. McKay, a receiver located in Washington. Generally, a federal court exercising diversity or supplemental jurisdiction over state law claims applies the choice-of-law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999) (noting that in a federal question action where the federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law

ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT – 3

rules of the forum state). Although the parties debate whether federal common law choice-of-law rules should categorically apply when an SEC receivership brings state law claims in a federal court, they nonetheless agree that Washington law applies here. (*See* Pl.'s Resp. (Dkt. # 25) at 6–8; Def.'s Reply (Dkt. # 28) at 2–3.)

**A.  Breach of Contract**

Mr. McKay alleges that a binding contract was formed during the August 20, 2007 deposition.[1]  The record reads:

> **[Mr. McKay]**  We had a discussion off the record concerning the amount that Ms. Von Wald would be owing to the Receivership. And the purpose of going back on the record is to reflect an agreement or an understanding that Ms. von Wald does owe the Receivership $154,500, and that she will consult with her attorney and get back to me and my office in Seattle by a week from today, Friday April 27th, with a plan for repaying $154,500 to the Receivership. Is that an accurate reflection of what we discussed?
>
> **[Ms. von Wald]**  Correct, yes.

(McKay Decl., Ex. V at 85.)  Ms. von Wald counters that the alleged contract is fatally flawed because it contains neither consideration nor an objective manifestation of mutual assent.

The existence or nonexistence of an alleged oral agreement is normally treated as an issue of fact, precluding summary judgment. *See, e.g.*, *Hadaller v. Port of Chehalis*, 986 P.2d 836, 839 (Wash. Ct. App. 1999); *Crown Plaza Corp. v. Synapse Software Systems, Inc.*, 962 P.2d 824, 827 (Wash. Ct. App. 1997); *see also Pardee v. Jolly*, 182 P.3d 967, 972 (Wash. 2008) ("The parties' intentions are questions of fact while the legal consequences of such intentions are questions of law."). The Washington Court of Appeals has noted that "[o]ral contracts are often, by their very nature, dependent upon

---

[1] Just prior to the parties going off the record, Mr. McKay stated, "I'm now giving you a week to talk to him [Ms. von Wald's attorney] and get back to us with a plan for the repayment of that $155,000. If we don't hear back from you or from him, we're going to have to take some steps. But right now, we want to handle this amicably, but promptly." (McKay Decl., Ex. V at 84.)

ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT – 4

an understanding of the surrounding circumstances, the intent of the parties, and the credibility of witnesses. If a dispute exists with respect to the terms of the oral contract, then summary judgment is not appropriate." *Duckworth v. Langland*, 988 P.2d 967, 969 (Wash. Ct. App. 1998) (quoting *Howarth v. First Nat'l Bank of Anchorage*, 540 P.2d 486, 490 (Alaska 1975) and noting that Washington courts have adopted this reasoning).

The court finds that there are genuine issues of material fact regarding consideration and mutual assent, and the resolution of the parties' dispute turns upon the credibility of key witnesses. Ms. von Wald contends that Mr. McKay failed to offer a promise in exchange for her promise; rather, McKay stated only that he would end the deposition and "intended" not to pursue other claims. (Def.'s Mot. at 10–11.) On the other hand, a factfinder could plausibly infer a return promise to forbear from taking legal action from Mr. McKay's statement, "[i]f we don't hear back from you or from him, we're going to have to take some steps. But right now, we want to handle this amicably." Similarly, the parties offer differing accounts regarding mutual assent. Ms. von Wald denies that a contract was formed and instead argues that Mr. McKay "repeatedly and not-so-subtly" accused her of perjury and tax fraud while she did not have counsel present. (Def.'s Mot. at 12.) Ms. von Wald suggests that such behavior indicates a lack of mutual assent; Mr. McKay contends that stating the consequences of Ms. von Wald's inaction illustrated mutual recognition of the appropriate remedy for a breach of contract. Testimony regarding the off the record discussion between Mr. McKay and Ms. von Wald may shed light into what the parties intended.

The court denies the parties' cross-motions for summary judgment on the breach of contract claim.

**B.  Conversion**

ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT – 5

Mr. McKay argues that the evidence shows unequivocally that Ms. von Wald converted funds invested by Zidar defendants such as Ms. Phillips for Ms. von Wald's own personal use. Ms. von Wald counters that the conversion claim should be time-barred because Mr. McKay should have been aware of it as of August 2002, when John Wayne Zidar and his co-defendants were convicted or pleaded guilty.

The court finds that there is a genuine issue of material fact regarding the substance of the conversion claim. The parties dispute the amount of money actually received by Ms. von Wald and whether any of it is traceable to the Zidar funds.

Similarly, the court finds that there is a genuine issue of material fact regarding when Mr. McKay, exercising due diligence, knew or should have known all of the essential elements of the cause of action. *See In re Estates of Hibbard*, 826 P.2d 690, 694 (Wash. 1992); *Crisman v. Crisman,* 931 P.2d 163, 166 (Wash. Ct. App. 1997). In Washington, the "discovery rule" applies to two types of cases: (1) where the defendant fraudulently conceals material facts underlying the claims; and (2) where the nature of the injury makes it extremely difficult for the plaintiff to learn the factual elements of the cause of action within the specified limitation period. *Id.* at 166. "Application of the rule is extended to claims in which plaintiffs could not immediately know of the cause of their injuries." *Hibbard*, 826 P.2d at 696. Due diligence under the discovery rule—and therefore, the date on which the conversion claim began to accrue—is a question of fact for the factfinder. *See Allen v. State,* 826 P.2d 200, 204 (Wash. 1992).

Here, there are four documents that allegedly link Ms. von Wald to the Zidar fraud: (1) a Joint Venture and Confidentiality Agreement showing that Glocap (a Zidar company) agreed to invest $255,000 with a fund manager for a return of 100% (McKay Decl., Ex. R); (2) a fax from "Michelle" to Ms. Phillips requesting the completion of the agreement (Carey Suppl. Decl., Ex. A); (3) a fax from Ms. Phillips from Meliorations

ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT – 6

1  Management (another Zidar company) to "Michelle van Wald" regarding the $255,000
2  to be invested (*id.,* Ex. B); and (4) a fax from Ms. Phillips to her bank requesting a
3  transfer to Mark Cohen's account with a note to "Michelle" (*id.,* Ex. C).  Ms. von Wald
4  argues that these records contain Mr. Cohen's name and bank account number, Ms. von
5  Wald's name and phone number, and the amount transferred; thus, she argues, these
6  documents were clues that followed diligently should have led to the discovery of any
7  claims against Ms. von Wald in 2002.  (Def.'s Resp. (Dkt. # 22) at 6.)  In contrast, Mr.
8  McKay quite plausibly argues that given the depth and complexity of the fraud
9  investigation and the large amount of paperwork involved,[2] a factfinder might determine
10 that the Receiver could not have discovered the issue in 2002 despite his best efforts.
11 Mr. McKay notes that documents numbers 2 and 4 did not identify the last name for
12 "Michelle"; document number 2 did not reference the underlying money transfer; and
13 document number 1 did not reference either Ms. von Wald or Mr. Cohen.  Mr. McKay
14 thus argues that the documents do not readily show that Ms. von Wald was Mr. Cohen's
15 partner in bilking the Zidar investors in Mr. Cohen's scheme and do not indicate that she
16 received any of the Zidar funds herself.

17   The court denies the parties' cross-motions for summary judgment on the
18 conversion claim.

19 **C.   Fraud**

20   The same issues of material fact that plague the conversion claim also infect the
21 fraud claim.  *See also* RCW § 4.16.080(4) (stating a three-year statute of limitations for
22 "[a]n action for relief upon the ground of fraud, the cause of action in such case not to be

---

[2] The criminal prosecution against Zidar defendants was one of the largest investment fraud prosecutions ever in the Western District of Washington.  It involved more than $75,000,000 and it encompassed hundreds of transactions and investments both in the United States and around the globe.

ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT – 7

deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud"). The court denies the parties' cross-motions for summary judgment on the fraud claim.

### III. CONCLUSION

The court DENIES the parties' cross-motions for summary judgment (Dkt. ## 11, 17). The parties are directed to file a joint status report within 30 days of this order.

Dated this 12th day of August, 2008

JAMES L. ROBART
United States District Judge